IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPEAKING TRUTH TO POWER | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES DEPARTMENT OF DEFENSE, et al. | : | NO. 14-1181 |

MEMORANDUM

Bartle, J.                                                                  June 9, 2015

Plaintiff Speaking Truth to Power ("STTP") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States Department of Defense ("DOD"), Air Force Air Combat Command ("ACC"), Department of Energy ("DOE"), Office of the Secretary of Defense and Joint Staff ("OSD/JS"), and National Nuclear Security Administration ("NNSA" and, together with the other defendants, the "Government"). STTP seeks information related to certain incidents involving nuclear weapons.[1] The action has been consolidated with three other cases in which STTP seeks similar information from other defense-related agencies. See Order dated March 25, 2014 (Doc. # 4). Since the filing of the complaint the Government has made several disclosures of responsive information with classified material redacted. STTP has not objected to the production.

Before the court is the motion of STTP for the payment of attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E)(i). The

---

[1] NNSA is a component of DOE, while ACC and OSD/JS fall within DOD.

burden of proof rests on STTP both as to eligibility and as to any amount it is entitled to be awarded. See Ginter v. Internal Revenue Serv., 648 F.2d 469, 471 (8th Cir. 1981); Landano v. U.S. Dep't of Justice, 873 F. Supp. 884, 891 (D.N.J. 1994).

STTP does not come forward with any relevant evidence as to entitlement under the statute. The following facts are taken from the complaint, the affidavits of certain government employees submitted in response to the instant motion, or from the Government's brief.[2] STTP sent its FOIA request to ACC, DOE, OSD/JS, and NNSA on January 20, 2014. It sought information related to so-called "Bent Spear" or "Dull Sword" reports. A Bent Spear is a significant incident involving a nuclear weapon or warhead, nuclear components, or a vehicle loaded with a nuclear weapon. A Dull Sword refers to an incident involving nuclear weapons which is less serious than a Bent Spear. STTP's request sought disclosures related to Bent Spear and Dull Sword reports for the time period "before June 1992 and after October 2007."

ACC, OSD/JS, and NNSA all responded within a matter of days of receiving STTP's request by assigning it a case number and beginning the search for relevant documentation. STTP filed its complaint on February 27, 2014, less than a month after these responses were sent. In June 2014 DOE responded to STTP's

---

[2] STTP has not objected to any of the facts as set forth by the Government.

-2-

FOIA request by explaining that it had no records under its direct control and that NNSA was responding to STTP's request.

Since the filing of the complaint, DOD, on behalf of ACC and OSD/JS, has made responsive disclosures. NNSA has also produced responsive documentation. After asking for and receiving certain follow-up information, STTP has not challenged any of these responses.

FOIA allows for the payment of attorney's fees under certain circumstances. The statute provides: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff has "substantially prevailed" if he or she has obtained relief through a judicial order; an enforceable, written agreement or consent decree; or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." Id. § 552(a)(4)(E)(ii).

In the instant matter the record does not disclose the existence of a court order or a written agreement or consent decree which led to the Government's disclosures. Thus, STTP can only have substantially prevailed for purposes of attorney's fees if it can show that there has been "a voluntary or unilateral change in position" by a government agency. 5 U.S.C. § 552(a)(4)(E)(ii). Several courts have interpreted this provision to require a

plaintiff to show that "filing suit was necessary to obtaining the information sought and ... that it caused the defendant to turn over the information." See Wheeler v. Internal Revenue Serv., 37 F. Supp. 2d 407, 412 (W.D. Pa. 1998).

Again, STTP has not come forward with any facts to establish that it has "substantially prevailed" as defined under 5 U.S.C. § 552(a)(4)(E)(ii). It simply assumes that attorney's fees are appropriate because it had been negotiating with the Government over a compromised amount. As the Government notes, however, offers of compromise are not proof of the validity of a disputed claim. Fed. R. Evid. 408(a). Nowhere does STTP argue that the Government expressly conceded STTP's eligibility for fees. STTP has therefore failed to meet its burden under the statute.

For its part, the Government contends that it has made no voluntary or unilateral change in position and thus STTP is ineligible for counsel fees. There is no evidence that the lawsuit had any bearing on the information it disclosed. The Government has submitted the affidavits of employees of NNSA and DOD who were involved in processing STTP's FOIA requests. They agree that the information STTP obtained was the same as that which would have been disclosed had the administrative process been allowed to continue. The filing of the lawsuit simply moved STTP's requests to the top of the pile.

The Government additionally contends that STTP did not allow any reasonable amount of time for a response before filing its complaint, particularly in light of the breadth and sensitivity of the information sought. STTP sought documents relating to mishaps involving the nuclear arsenal of the United States for a period of time that could conceivably have stretched as far back as 1945 and up to the present day. According to the Government, such a request involved a large search and required detailed review for classified information. Nonetheless, STTP waited less than a month after receiving responses from all of the agencies save DOE to file its complaint.

We agree with the Government that STTP is ineligible for the award of attorney fees. STTP does not contest the Government's assertion that the disclosures would have been the same regardless of whether a complaint had been filed. At no point did any of the agencies in question refuse to produce records, and STTP did not challenge the documentation it received. As a result we cannot conclude that the lawsuit achieved any "voluntary or unilateral change in position" or was necessary to obtain the information sought. See 5 U.S.C. § 552(a)(4)(E)(ii); Wheeler, 37 F. Supp. 2d at 412.

We further note that, in the absence of any exigent circumstances or obduracy on the part of the target agencies, it is inappropriate for information seekers to eschew the administrative

-5-

process in favor of premature litigation in federal court. The attorney's fee provision in FOIA was not meant to encourage the use of judicial resources in this fashion. See <u>Fund for Constitutional Government v. Nat'l Archives</u>, 656 F.2d 856, 871 (D.C. Cir. 1981); <u>Arevalo-Franco v. Immigration & Naturalization Serv.</u>, 772 F. Supp. 959, 961-62 (W.D. Tex. 1991).

Accordingly, the motion of STTP for an award of attorney's fees and costs will be denied.